﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 200611-91877
DATE: September 29, 2020

ORDER

An effective date of April 11, 2019, for special monthly pension based on the need for aid and attendance is granted.

FINDING OF FACT

The Veteran submitted a claim for special monthly pension based on the need for aid and attendance on April 11, 2019, which was found to be incomplete. A completed application was submitted in August 2019, within the one-year period provided to preserve the effective date of the informal claim.

CONCLUSION OF LAW

The criteria for an earlier effective date of April 11, 2019, for entitlement to special monthly pension have been met. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from January 1951 to January 1955.

In March 2020, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of a December 2019 rating decision. In April 2020, the agency of original jurisdiction (AOJ) issued the HLR decision on appeal, which considered the evidence of record at the time of the initial rating decision. In the June 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed, including documentation sent after the decision in April 2020. 

As the Board is deciding the claim of special monthly pension based on the need for aid and attendance, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

An effective date of April 11, 2019 for special monthly pension based on the need for aid and attendance

Generally, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application. 38 U.S.C. § 5110 (a). The effective date will generally be the later of the date of receipt of the claim or the date entitlement arose. 38 C.F.R. § 3.400.

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA’s adjudication regulations be filed on a standard form. 

The amendments implement the concept of an intent to file a claim for benefits. Upon receipt of an intent to file a claim, VA will furnish the claimant with the appropriate application form prescribed by VA. If VA receives a complete application form prescribed by VA, as defined in 38 C.F.R. § 3.160(a), 

appropriate to the benefit sought within one year of receipt of the intent to file a claim, VA will consider the complete claim filed as of the date the intent to file a claim was received. 38 C.F.R. § 3.155(b).

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that an effective date of April 11, 2019, but no earlier, is warranted for the grant of entitlement to pension benefits of aid and attendance.

By way of history, the April 2020 decision denied an effective date earlier than August 7, 2019, for the award of special monthly pension based on aid and attendance. The Veteran’s fiduciary asserts that she and the Veteran submitted the claim on March 18, 2019. In August 2019, the Veteran’s representative indicated that there was a miscommunication or misleading information and it was believed that the completed application had been submitted as early as February.

A close review of the record does not show that there was correspondence between a March 6, 2019 statement of the claim and an April 11, 2019 receipt of a package of documents including a VA 21-2680 Examination for Housebound Status or Permanent Need for Regular Aid and Attendance, care expense statement, and a pension bank statement. VA sent notification on April 10, 2019 to inform the Veteran about the application process after receiving his March 2019 statement indicating his circumstances had changed. After the receipt of the April 11, 2019 documents, a notification was sent on April 19, 2019, informing the Veteran that his application form was incomplete and he was instructed on how to file a complete claim. It was noted that the VA Form 21-2680 was missing two to three pages from the initial application. It further indicated that if the completed claim was received within one year, the claim would be considered filed as of the date of the incomplete claim. 

On August 7, 2019, the Veteran submitted a VA Form 21-527EZ, which was considered a complete claim for benefits. See 38 C.F.R. § 3.160(a). Pursuant to 38 C.F.R. § 3.155(c), upon receipt of a communication indicating a belief in entitlement to benefits that is submitted on a paper application form prescribed the Secretary that is not complete as defined by § 3.160(a) of this section, the Secretary shall notify the claimant and the claimant’s representative, if any, of the information necessary to complete the application form prescribed by the Secretary. If a complete claim is submitted within one year of receipt of such incomplete application form prescribed by the Secretary, VA will consider it as filed as of the date VA received the incomplete application form prescribed by the Secretary that did not meet the standards of a complete claim. See § 3.160(a) (Compete claim).

Based on the foregoing, the Board finds that the appropriate effective date is April 11, 2019, the date the incomplete claim was filed. The Veteran filed that claim on a form prescribed by the Secretary and submitted a complete claim within one year of that date. Therefore, an earlier effective date is warranted.

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Cruz, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.